UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SOREN RICHARD OLSEN, III,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>JEFFREY PERKINS,<br><br>　　　　　　Respondent. | Case No. 25-638-KKE-MLP<br><br>MINUTE ORDER |

The following Minute Order is made at the direction of the Court, the Hon. Michelle L. Peterson, United States Magistrate Judge:

This is a federal habeas action filed under 28 U.S.C. § 2254. This matter comes before the Court on Petitioner's Motion to Request a Certificate of Appealability (dkt. # 2), Motion to Request Assigned Counsel (dkt. # 3), and Motion to Amend Information (dkt. # 5).

A petitioner seeking post-conviction relief under § 2254 may request a certificate of appealability after a district court dismisses the habeas petition. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Since the Court has not dismissed the underlying action, Petitioner's Motion to Request a Certificate of Appealability (dkt. # 2) is STRICKEN as premature.

MINUTE ORDER - 1

    Petitioner's request for leave to file a first amended petition is similarly moot, Petitioner need not apply for permission to file a first amended petition, he may do so as a matter of right. Federal Rule of Civil Procedure 15(a) permits a civil litigant to "amend the party's pleading once as a matter of course at any time before a responsive pleading is served," and Rule 15 applies to habeas petitions "with the same force that it applies to all garden-variety civil cases." *Calderon v. United States Dist. Ct.*, 134 F.3d 981, 986 n. 6 (9th Cir. 1998); *see also Keating v. Hood*, 191 F.3d 1053, 1067 (9th Cir. 1998) (applying Rule 15(a) to § 2254 habeas petitions). As Respondent has yet to file a responsive pleading, i.e., an answer, Petitioner may file an amended pleading as a matter of right, and does not need the Court's permission to do so. Accordingly, Petitioner's Motion to Amend Information (dkt. # 5) is STRICKEN as moot.

    Finally, there is no right to appointed counsel in cases under 28 U.S.C. § 2254 unless an evidentiary hearing is required or counsel is necessary for effective discovery. *See Terravona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988); *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir. 1992); Rules Governing § 2254 Cases in the U.S. District Courts 6(a) and 8(c). The Court may request counsel for indigent litigants under 28 U.S.C. § 1915(e)(1), but only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Here, the record is not sufficiently developed to determine whether an evidentiary hearing or discovery will be necessary, and Petitioner has not demonstrated that exceptional circumstances exist. Moreover, Petitioner has not shown that his case is particularly complex or that appointment of counsel would serve the interests of justice. Therefore, the Court DENIES Petitioner's Motion for Appointment of Counsel (dkt. # 3).

    The Clerk is directed to send copies of this order to the parties and to the honorable Kymberly K. Evanson.

MINUTE ORDER - 2

Dated this 7th day of May, 2025.

                                        Ravi Subramanian
                                        Clerk of Court

                                     By: Tim Farrell
                                        Deputy Clerk

MINUTE ORDER - 3