UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SOREN RICHARD OLSEN II,<br><br>　　　　　　Petitioner(s),<br><br>　v.<br><br>JEFFREY PERKINS,<br><br>　　　　　　Respondent(s). | CASE NO. C25-0638-KKE-MLP<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

Petitioner is in custody on a state court conviction and judgment, and he, proceeding *pro se*, filed a petition for a writ of habeas corpus in April 2025. Dkt. No. 1. On September 18, 2025, Petitioner filed a motion requesting a modified protective temporary restraining order. Dkt. No. 23. The motion requests an order requiring that Petitioner remain housed in the same unit where he is currently housed until this matter is resolved, in order to prevent him from being separated from his legal paperwork. *Id*.

A TRO or preliminary injunction "is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain a TRO, a plaintiff must show that they are likely to succeed on the merits, they are likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities tips in their favor, and an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009). A TRO is only

appropriate to grant relief of the same character as that which may be finally granted in the underlying action. *See DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945).

Here, Petitioner's motion seeks relief with respect to his prison housing conditions that is not of the same character as the relief he seeks in his habeas petition. *See Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016) (addressing the types of relief available in habeas cases challenging state-court convictions and judgments, and explaining that complaints as to prison conditions are not within the scope of those habeas petitions). Moreover, the motion does not show that he satisfies any of the factors for the issuance of a TRO. After reviewing Petitioner's motion and the balance of the docket, and construing them liberally as *pro se* filings, the Court concludes that Petitioner has not met his burden to show that a TRO is appropriate. Accordingly, the Court DENIES Petitioner's motion (Dkt. No. 23).

Dated this 19th day of September, 2025.

Kymberly K. Evanson
United States District Judge